UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Vashon King,

        Plaintiff,

v.                                                          Case No.: 4:23-cv-01983-RBH

Equifax Information Services, LLC,
Mountain Run Solutions, LLC,
Chris Carter and Brian Fuller,

        Defendants.

_____/

**<u>DEFENDANT MOUNTAIN RUN SOLUTIONS, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant Mountain Run Solutions, LLC ("MRS"), as and for its Answer to the complaint ("Complaint") of Vashon King ("Plaintiff"), in the above-entitled matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**<u>RESPONSE TO INTRODUCTION</u>**

1.      Responding to Paragraph 1, MRS admits Plaintiff filed this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C § 1681, *et seq.* ("FCRA"), and South Carolina common law and Plaintiff seeks damages as a result of alleged violations of the law. MRS denies any and all remaining allegations in this paragraph.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the text of the FCRA and denies anything inconsistent therewith.

3.	Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the text of the FCRA and denies anything inconsistent therewith.

## RESPONSE TO JURISDICTION AND VENUE

4.	Responding to Paragraph 4, MRS admits the cited statutes purport to provide statutory jurisdiction.

5.	Responding to Paragraph 5, MRS admits that, based upon Plaintiff's allegations, venue is proper in the Florence Division.

## RESPONSE TO PARTIES

6.	Responding to Paragraph 6, MRS lacks knowledge or information sufficient to form a belief regarding the allegations; therefore, MRS denies the same.

7.	Responding to Paragraph 7, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations; therefore, MRS denies the same.

8.	Responding to Paragraph 8, MRS admits it was a Florida limited liability company with a primary business address at 313 E. 1200 S., Suite 200, Orem, Utah 84058 and can be served via registered agent, Registered Agent Solutions, Inc., 317 Ruth Vista Road, Lexington, SC 29073. MRS further admits during the relevant times frame, it was doing business in the state of South Carolina and admits at certain times and under certain circumstances it was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). MRS denies any remaining allegations in this paragraph.

9.	Responding to Paragraph 9, MRS admits Carter is a natural person, a member, owner and officer of MRS. MRS admits Carter is involved in the business operations of MRS.

MRS admits Carter resides at the address cited. MRS denies Carter is a "debt collector" as that term is defined by the FDCPA. MRS denies Carter is directly involved in the reporting and collection of accounts. MRS denies any remaining allegations in this paragraph.

10. Responding to Paragraph 10, MRS admits Fuller is a natural person, a member, owner and officer of MRS. MRS admits Fuller is involved in the business operations of MRS. MRS admits Fuller resides at the address cited. MRS denies Fuller is a "debt collector" as that term is defined by the FDCPA. MRS denies Fuller is directly involved in the reporting and collection of accounts. MRS denies any remaining allegations in this paragraph.

11. Responding to Paragraph 11, MRS admits at certain times and under certain circumstances it uses instrumentalities of commerce, including reporting debts to the national CRAs regarding South Carolina consumers and using postal mail, the internet, telephone calls and text messages to attempt communication with South Carolina consumers, the purpose of which, at certain times and under certain circumstances is the collection of debts owed or due to others by citizens of South Carolina, including Mr. King. MRS denies any remaining allegations in this paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

12. Responding to Paragraph 12, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

13. Responding to Paragraph 13, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

14. Responding to Paragraph 14, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

15. Responding to Paragraph 15, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

16. MRS denies Paragraph 16.

17. Responding to Paragraph 17, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

18. MRS admits Paragraph 18.

19. MRS denies Paragraph 19.

20. Responding to Paragraph 20, MRS admits it attempted to collect an account from Plaintiff. MRS further admits it had several communications with Plaintiff, including Plaintiff alleging the account was forged. MRS lacks knowledge or information sufficient to form a belief regarding any remaining allegations and, therefore, denies the same.

21. Responding to Paragraph 21, MRS admits it sent more than a single text to Plaintiff regarding the underlying account. MRS refers to the text of any communications sent to Plaintiff and denies anything inconsistent therewith. MRS denies any remaining allegations in this paragraph.

22. Responding to Paragraph 22, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

23. Responding to Paragraph 23, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

24. MRS denies Paragraph 24.

25. Responding to Paragraph 25, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

26. Responding to Paragraph 26, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

27. Responding to Paragraph 27, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

28.     Responding to Paragraph 28, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same. MRS denies it did not furnish the account as disputed.

29.     Responding to Paragraph 29, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

30.     Responding to Paragraph 30, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

31.     Resonding to Paragraph 31, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

32.     Responding to Paragraph 32, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

33.     Responding to Paragraph 33, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

34.     Responding to Paragraph 34, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

35.     Responding to Paragraph 35, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

36.     Responding to Paragraph 36, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same. MRS specifically denies it did not furnish the account as disputed.

37.     Responding to Paragraph 37, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

38.     Responding to Paragraph 38, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

39. Responding to Paragraph 39, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

40. Responding to Paragraph 40, MRS admits it received an ACDV from the applicable credit reporting agency. MRS lacks knowledge or information sufficient to form a belief regarding the remaining allegations and, therefore, denies the same.

41. Responding to Paragraph 41, MRS refers to the court's docket related to the 2021 filing and denies anything inconsistent therewith.

42. Responding to Paragraph 42, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

43. MRS denies Paragraph 43.

44. Responding to Paragraph 44, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

45. MRS denies Paragraph 45.

46. Responding to Paragraph 46, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

47. Responding to Paragraph 47, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

48. MRS denies Paragraph 48.

49. Responding to Paragraph 49, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

50. Responding to Paragraph 50, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

51. Responding to Paragraph 51, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

52. Responding to Paragraph 52, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

53. Responding to Paragraph 53, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

54. Responding to Paragraph 54, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

55. Responding to Paragraph 55, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

56. Responding to Paragraph 56, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

57. Responding to Paragraph 57, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

58. MRS denies Paragraph 58.

59. MRS admits Paragraph 59.

60. MRS denies Paragraph 60.

61. MRS admits Paragraph 61.

62. Responding to Paragraph 62, MRS admits it received indirect notice via an ACDV that Plaintiff disputed the account. MRS specifically denies it did not mark the account as disputed. MRS lacks knowledge or information sufficient to form a belief regarding the remaining allegations and, therefore, denies the same.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent MRS is required to response, MRS refers to the text of the FCRA and the cited case law and denies anything inconsistent therewith.

64. Paragraph 64 states a legal conclusion to which no response is required. To the

extent MRS is required to response, MRS refers to the text of the FCRA and the cited case law and denies anything inconsistent therewith.

65. Responding to Paragraph 65, MRS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

66. MRS denies Paragraph 66.

67. Responding to Paragraph 67, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 67 and, therefore, denies the same.

68. Responding to Paragraph 68, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 68 and, therefore, denies the same.

69. Responding to Paragraph 69, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 69 and, therefore, denies the same.

70. Responding to Paragraph 70, MRS admits it received notification of a dispute via an ACDV through e-OSCAR. MRS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 70 and, therefore, denies the same.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the cited case law and the text of the FCRA and denies anything inconsistent therewith.

72. Paragraph 72 states a legal conclusion to which no response is required. To the

extent a response is required, MRS refers to the cited case law and the text of the FCRA and denies anything inconsistent therewith.

73. MRS denies Paragraph 73.

74. Responding to Paragraph 74, MRS refers to the allegations of any lawsuits and denies anything inconsistent therewith.

75. Responding to Paragraph 75, MRS refers to the applicable court dockets and denies anything inconsistent therewith.

76. Responding to Paragraph 76, MRS refers to the BBB and denies anything inconsistent therewith.

77. Responding to Paragraph 77, MRS denies it is unreliable. MRS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 77 and, therefore, denies the same.

78. Responding to Paragraph 78, MRS specifically denies providing "persistent unreliable information" to Equifax. MRS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 78 and, therefore, denies the same.

79. Responding to Paragraph 79, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 79. MRS specifically denies providing "red flags" to Equifax.

80. Responding to Paragraph 80, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 80.

81. Responding to Paragraph 81, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 81.

82. Responding to Paragraph 82, MRS admits Carter and Fuller implemented MRS's collection practices. MRS specifically denies Carter and Fuller implemented collection practices that violate the law as alleged.

83. MRS denies Paragraph 83.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the cited case law and text of the FDCPA and denies anything inconsistent therewith.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the cited case law and text of the FDCPA and denies anything inconsistent therewith.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the cited case law and denies anything inconsistent therewith.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, MRS refers to the cited case law and denies anything inconsistent therewith.

88. MRS denies Paragraph 88.

89. MRS denies Paragraph 89.

90. Responding to Paragraph 90, MRS admits it marked the account as disputed internally and in reporting made to third parties.

91. MRS denies Paragraph 91.

**RESPONSE TO COUNT ONE**
**(Alleged Negligent Violation of the Fair Credit Reporting Act - Equifax)**

92. MRS re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

93. Responding to Paragraph 93, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 93 and, therefore, denies those allegations.

94. Responding to Paragraph 94, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 94 and, therefore, denies those allegations. MRS specifically denies providing unreliable data.

95. Responding to Paragraph 95, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 95. MRS specifically denies providing unreliable data.

96. Responding to Paragraph 96, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 96 and, therefore, denies those allegations.

97. Responding to Paragraph 97, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 97 and, therefore, denies those allegations.

98. Responding to Paragraph 98, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 98.

99. Responding to Paragraph 99, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 99.

100. Responding to Paragraph 100, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 100.

## RESPONSE TO COUNT TWO
### (Alleged Willful Violation of the Fair Credit Reporting Act - Equifax)

101. MRS re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

102. Responding to Paragraph 102, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 102 and, therefore, denies those allegations. MRS specifically denies providing unreliable data.

103. Responding to Paragraph 103, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 103 and, therefore, denies those allegations. MRS specifically denies providing unreliable data.

104. Responding to Paragraph 104, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 104 and, therefore, denies those allegations.

105. Responding to Paragraph 105, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS lacks

knowledge or information sufficient to form a belief regarding the allegations in Paragraph 105 and, therefore, denies those allegations.

106. Responding to Paragraph 106, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 106.

107. Responding to Paragraph 107, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 107.

108. Responding to Paragraph 108, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 108.

109. Responding to Paragraph 109, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 109.

110. Responding to Paragraph 110, Plaintiff makes no allegation against MRS; therefore, MRS is not required to respond. To the extent any response is necessary, MRS denies the allegations in Paragraph 110.

## RESPONSE TO COUNT THREE
**(Alleged Negligent Violation of the Fair Credit Reporting Act – MRS Defendants)**

111. MRS re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

112. MRS denies Paragraph 112.

113. MRS denies Paragraph 113.

114. MRS denies Paragraph 114.

115. MRS denies Paragraph 115.

116. MRS denies Paragraph 116.

117. MRS denies Paragraph 117. MRS specifically denies it furnished inaccurate, incomplete, false or misleading information.

118. MRS denies Paragraph 118.

119. MRS denies Paragraph 119.

120. Responding to Paragraph 120, MRS denies Plaintiff is entitled to any of the relief Plaintiff requested.

## RESPONSE TO COUNT FOUR
**(Alleged Willful Violation of the Fair Credit Reporting Act – MRS Defendants)**

121. MRS re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

122. MRS denies Paragraph 122.

123. MRS denies Paragraph 123.

124. MRS denies Paragraph 124.

125. MRS denies Paragraph 125.

126. MRS denies Paragraph 126.

127. MRS denies Paragraph 127.

128. MRS denies Paragraph 128.

129. Responding to Paragraph 129, MRS denies Plaintiff is entitled to any of the relief Plaintiff requested.

## RESPONSE TO COUNT FIVE
**(Alleged Violation of the Fair Debt Collection Practices Act – MRS Defendants)**

130. MRS re-alleges and incorporates by reference all responses set forth in the

preceding paragraphs.

131.　Responding to Paragraph 131, MRS admits, as to MRS only, that it engages in efforts to collect financial obligations from individuals. MRS admits at certain times and under certain circumstances it is a "debt collector" as defined by the FDCPA.

132.　MRS denies Paragraph 132.

133.　MRS denies Paragraph 133.

134.　MRS denies Paragraph 134.

135.　MRS denies Paragraph 135.

136.　MRS denies Paragraph 136.

137.　MRS denies Paragraph 137.

138.　MRS denies Paragraph 138.

139.　MRS denies Paragraph 139.

140.　MRS denies Paragraph 140.

141.　Responding to Paragraph 141, MRS denies Plaintiff is entitled to any of the relief Plaintiff requested.

## RESPONSE TO COUNT SIX
### (Alleged Defamation – Alleged Libel – MRS Defendants)

142.　MRS re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

143.　MRS denies Paragraph 143.

144.　MRS denies Paragraph 144.

145.　MRS denies Paragraph 145.

146.　MRS denies Paragraph 146.

147.　MRS denies Paragraph 147.

148.   MRS denies Paragraph 148.

149.   MRS denies Paragraph 149.

150.   Responding to Paragraph 150, MRS denies Plaintiff is entitled to any of the relief Plaintiff requested.

## RESPONSE TO AMOUNT OF DAMAGES DEMANDED

To the extent MRS is required to respond to the Amount of Damages Demanded, following Paragraph 150, MRS prays for an order and judgment of this Court against Plaintiff as follows:

a. dismissing all alleged causes of action against MRS with prejudice on the merits;

b. that judgment be granted in favor of MRS and that all relief requested by Plaintiff be denied;

c. that all requests for damages, including statutory, actual, and punitive damages, by Plaintiff be denied;

d. that all costs and attorneys' fees be awarded to MRS; and

e. for such other and further relief as the Court deems just and proper.

Additionally, MRS admits Plaintiff demands a trial by jury in this action. MRS denies Plaintiff has alleged any issues triable by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by MRS.

### SECOND DEFENSE

If any action or inaction of MRS violated any statute, which MRS specifically denies, the

action or inaction was not intentional or willful.

## THIRD DEFENSE

Plaintiff's claims for relief are barred in whole or in part because MRS at all times acted in a reasonable manner and in good faith.

## FOURTH DEFENSE

To the extent Plaintiff has been damaged, which MRS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from MRS.

## FIFTH DEFENSE

MRS contends that it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff. MRS also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims for defamation and libel are expressly preempted by the FCRA. *See* 15 U.S.C. §§ 1681h(e) and 1681(b)(1)(F); *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 521 (6th Cir. 2019) ("We follow the prior decisions from this Circuit and the other Courts of Appeals that have decided the issue and hold that the FCRA preempts both statute statutory and state common law claims.").

## SEVENTH DEFENSE

MRS reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defenses.

This the 17th day of August, 2023.

                                      Respectfully submitted,

                                      <u>s/ Chad V. Echols</u>
                                      Chad V. Echols (Fed ID 9810)
                                      Frost Echols LLC
                                      PO Box 12645
                                      Rock Hill, SC 29731
                                      Phone: (803) 329-8970
                                      Email: chad.echols@frostechols.com

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Vashon King,

        Plaintiff,

v.                                                                         Case No.: 4:23-cv-01983-RBH

Experian Information Solutions, Inc,
Mountain Run Solutions, LLC,
Chris Carter and Brian Fuller,

        Defendants.
_____/

CERTIFICATE OF SERVICE

The undersigned certifies that **Defendant Mountain Run Solutions, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses** was served upon Plaintiff via counsel of record on the 17th day of August, 2023 by electronic mail through the Clerk of Court's ECF System addressed as:

Penny Cauley, P.C.
Hays Cauley, P.C.
1303 West Evans Street
Florence, SC 29501
Phc917@hayscauley.com
Attorney for Plaintiff

Respectfully submitted,

s/ Chad V. Echols
Chad V. Echols (Fed ID 9810)
Frost Echols LLC
PO Box 12645
Rock Hill, SC 29731
Phone: (803) 329-8970
Email: chad.echols@frostechols.com